**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **SUNGHOON KIM and SHKIM CORPORATION,** | Civ. No. 15-8556 (KM)(MAH) |
| **Plaintiffs,** | |
| v. | **OPINION** |
| **GENESIS CO., LTD et al.,** | |
| **Defendants.** | |

<u>MCNULTY, U.S.D.J.</u>:

Currently before this Court are two motions: defendants' motion to dismiss the complaint and plaintiffs' motion to amend the summons and complaint. (ECF nos. 28, 42).[1] Defendants argue that this court lacks personal jurisdiction over one defendant, the plaintiffs failed to effectuate service, and the complaint fails to state a claim. (ECF no. 28). Plaintiffs seek to amend their complaint to add parties and change the causes of action. (ECF no. 42).

However, regardless of the motions before them, federal courts have an ever-present obligation to ensure that subject matter jurisdiction exists. Courts must decide this issue *sua sponte* as necessary. Concluding that this Court lacks jurisdiction, I will dismiss the action.

## I.  MOTION TO AMEND

I first consider the motion to amend.

Plaintiff Sunghoon Kim ("Kim"), is a citizen of New Jersey; plaintiff SHKIM Corporation is a New York corporation. The original complaint asserted twelve state-law claims against Genesis Co., Ltd ("Genesis"), a South Korean

---

[1]    Citations to the record are abbreviated as follows:
Compl. = Complaint (ECF no. 1)
AC = Amended Complaint (ECF no. 38)

company. Jurisdiction was premised on diversity of citizenship, 28 U.S.C. § 1332(a). (Compl. ¶ 2).

While the motion to dismiss the original complaint was pending, the plaintiffs proffered an amended complaint. It names two additional defendants: Phoenix U.S.A. Corporation ("Phoenix"), and BBQ USA LLC ("BBQ USA"). Phoenix and BBQ USA are New Jersey corporations. (AC ¶ 8, 11). With the addition of Phoenix and BBQ USA, the parties are no longer diverse. Rather, the Amended Complaint asserts that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. (AC ¶ 2). The sole federal claim in the Amended Complaint is based on the Federal Trade Commission's Franchise Rule, 16 C.F.R. § 436. (AC ¶ 2, 53-56). The Amended Complaint also asserts ten pendent state-law claims.

The substantive allegations of the Amended Complaint are as follows. Kim, now a New Jersey resident, came to the United States from South Korea to open a "BBQ Chicken Restaurant" under a franchise agreement. (AC ¶ 18, 20-21). Kim operates his restaurant through SHKIM Corporation, which he wholly owns and controls. (AC ¶ 5). The Amended Complaint alleges that these three defendants acted wrongfully in various ways during the course of their franchise dealings. (AC ¶ 9-17).

Leave to amend a complaint is granted freely. Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). No reason to deny amendment appears. Indeed, it seems that the two newly-named parties, Phoenix and BBQ USA, are essential to the claims. Kim signed his franchise agreement with Phoenix, and BBQ USA later assumed responsibility for the agreement. (AC ¶ 22, 32). Although Kim argues that Phoenix and BBQ USA act as agents of Genesis, they remain central to this litigation. Moreover, it is an outstanding question as to whether Genesis is even amenable to service. (ECF no. 28) (Indeed, this may have been the impetus for the filing of the amended complaint.)

The remainder of this Opinion analyzes the amended complaint.

## II.    SUBJECT MATTER JURISDICTION

### A.  Standards

Federal courts are courts of limited subject matter jurisdiction. "[F]ederal courts have an ever-present obligation to satisfy themselves of their subject matter jurisdiction and decide the issue *sua sponte* ...." *Liberty Mut. Ins. Co. v. Ward Trucking Co.*, 48 F.3d 742, 750 (3d Cir. 1995). Under Fed. R. Civ. P. 12(h)(3), "if the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action." That obligation is paramount because subject matter jurisdiction "calls into question the very legitimacy of a court's adjudicatory authority." *Council Tree Commc'ns., Inc. v. FCC*, 503 F.3d 284, 292 (3d Cir. 2007) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003)). Ultimately, I must dismiss a case if there is no subject matter jurisdiction because "subject matter jurisdiction is non-waivable." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003).

Subject matter jurisdiction exists in the federal courts on the basis of (1) diversity of citizenship, 28 U.S.C. § 1332, and (2) federal question jurisdiction, 28 U.S.C. § 1331. Diversity exists when there is "complete diversity" of the parties and the controversy's value exceeds $75,000. 28 U.S.C. § 1332; *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806). If any plaintiff and any defendant are citizens of the same state, diversity is broken and the action must be dismissed, unless there is another basis for jurisdiction.

Federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. For a claim to "arise under" the Constitution, federal law, or a treaty, "a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiffs' cause of action." *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (citing *Gully v. First Nat'l Bank in Meridian*, 299 U.S. 109, 112 (1936)).

For this court to have jurisdiction to hear this case, then, there must be either (1) diversity jurisdiction or (2) federal question jurisdiction. I will evaluate each possibility in turn.

### B.    Diversity Jurisdiction

The Constitution provides, in Article III, section 2, that "[t]he judicial Power [of the United States] shall extend ... to Controversies ... between Citizens of different States." Congress has authorized federal courts to exercise jurisdiction based on diversity of citizenship since the Judiciary Act of 1789. *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In *Strawbridge v. Curtiss*, the Supreme Court construed the original Judiciary's Act's diversity provision to require complete diversity of citizenship. 7 U.S. (3 Cranch) at 267. This interpretation has persisted. The current diversity of citizenship statute permits federal district court jurisdiction in suits for more than $75,000 "between ... citizens of different states." 28 U.S.C. § 1332(a). This applies "only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Lewis*, 519 U.S. at 68.

Diversity of citizenship does not appear on the face of the amended complaint. Plaintiff Kim and defendants Phoenix and BBQ USA are all New Jersey citizens. (AC ¶ 4, 8, 11). Under the "complete diversity" rule, *see supra*, when any plaintiff and any defendant are from the same state, the federal district courts do not possess diversity jurisdiction.

It may be argued that when the complaint was filed in its original form, diversity existed—*i.e.*, citizens of New Jersey and New York were suing one defendant, a Korean corporation. While federal diversity jurisdiction "is generally determined based on the circumstances prevailing at the time the suit was filed," this rule does not apply "where the parties change, in contrast to cases in which the circumstances attendant to those parties change." *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 152 (3d Cir. 2009). For example, if parties are diverse when the case is filed, diversity will not be destroyed if a party changes citizenship. *See Anderson v. Watts*, 138 U.S. 694

4

(1891); *Mollan v. Torrance*, 22 U.S. 537 (1824). If, however, nondiverse parties are added after the case is filed, diversity jurisdiction can be destroyed. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004); *Kabakjian v. United States*, 267 F.3d 208, 212 (3d Cir. 2001).

Here, the parties have changed; this New Jersey plaintiff has added two New Jersey defendants to the case. Diversity of citizenship is destroyed and this court no longer has jurisdiction based on 28 U.S.C. § 1332.

### C.     Federal Question Jurisdiction

The amended complaint thus invokes not diversity jurisdiction, but this court's federal question jurisdiction. To satisfy federal question jurisdiction, a complaint must assert at least one claim that arises "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. This claim must assert a federal right or immunity created by the Constitution, a federal law, or a treaty. *Phillips Petroleum Co.*, 415 U.S. at 127-28 (citing *Gully*, 299 U.S. at 112); *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149 (1908). Federal question jurisdiction exists when "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983).

In the amended complaint, plaintiffs assert one federal-law claim and ten state-law claims. (AC). The sole federal claim is alleged to arise under the FTC's Franchise Rule, 16 C.F.R. § 436. (AC ¶ 2, 53-56). Plaintiffs assert that this federal claim under the Franchise Rule claim establishes federal question jurisdiction over the case, pursuant to 28 U.S.C. § 1331. (AC ¶ 2). I find, however, that federal law does not create a cause of action, and that the complaint does not pose a substantial question of federal law. *See Franchise Tax Bd., supra.*

The FTC's Franchise Rule establishes requirements for the disclosure of information to prospective franchisees. 16 C.F.R. §§ 436–437. The Franchise

Rule was promulgated by the FTC pursuant to the Federal Trade Commission Act (FTCA), 15 U.S.C. § 41–58. Courts have almost uniformly rejected an implied right of action under the FTCA. *Dreisbach v. Murphy*, 658 F.2d 720 (9th Cir. 1981); *Naylor v. Case & McGrath, Inc.*, 585 F.2d 557, 561 (2d Cir. 1978); *Alfred Dunhill Ltd. v. Interstate Cigar Co., Inc.*, 499 F.2d 232 (2d Cir. 1974); *Holloway v. Bristol-Myers Corp.*, 485 F.2d 986 (D.C. Cir. 1973). *But see Guernsey v. Rich Plan of Midwest*, 408 F. Supp. 582 (N.D. Ind. 1976) (recognizing a private right of action under the FTCA).

In *Holloway* the District of Columbia Circuit held that there was no implied right of action under the FTCA. 485 F.2d 986 (D.C. Cir. 1973). As *Holloway* was decided before the Supreme Court's decision in *Cort v. Ash*, 422 U.S. 66 (1975), the court applied a somewhat different, more liberal, standard to decide if there was an implied right of action. Since *Cort v. Ash*, the Supreme Court has been considerably more restrictive in implying private rights of actions under other federal statutes. *See, e.g., Alexander v. Sandoval*, 532 U.S. 275 (2001); *Transamerica Mortg. Advisors, Inc. v. Lewis*, 444 U.S. 11 (1979). This year, the Supreme Court stated that "[i]f the statute itself does not displa[y] an intent to create a private remedy, then a cause of action does not exist and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1856 (2017) (internal quotation marks omitted) (citing *Sandoval*, 532 U.S. at 286-87). There is thus no need to relitigate whether the FTCA encompasses a private right of action; I hold that it does not.

Since a private right of action does not exist under the FTCA, it stands to reason that a private right of action does not exist under regulations promulgated pursuant to the FTCA. At any rate, it is well-settled that there is no federal private right of action to enforce the Franchise Rule. *See, e.g., Senior Ride Connection v. ITNAmerica*, 225 F. Supp. 3d 528, 531 n.1 (D.S.C. 2016) ("[T]here is no federal private right of action to enforce the Franchise Rule ...."); *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, 70 F. Supp. 3d 376, 382

6

(D.D.C. 2014) ("The FTC can bring suit to enjoin a franchisor's failure to furnish the required information in violation of the Franchise Rule, but no private right of action is available to franchisees under these regulations." (citations omitted)); *Mercy Health Sys. of Se. Pa. v. Metro. Partners Realty LLC*, No. 2-1015, 2002 WL 1774060, at *2 (July 29, 2002) (same); *Freedman v. Meldy's, Inc.*, 587 F. Supp. 658, 662 (E.D. Pa. 1984) (same); *see also* 72 Fed. Reg. 15,478 n.350 (Mar. 30, 2007) ("We note that there is no private right of action to enforce the Franchise Rule").

Kim and SHKIM have asserted no viable federal cause of action pursuant to the Franchise Rule regulations or the FTCA. Count I, the sole federal cause of action, is thus dismissed for failure to state a claim. Because the federal question was entirely insubstantial, and because there has not been significant progress in the case, I decline to exercise supplemental jurisdiction. *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction ... [if] the district court has dismissed all claims over which it has original jurisdiction ....").

This case is therefore dismissed for lack of subject matter jurisdiction.

## III.    CONCLUSION

For the foregoing reasons, this case is dismissed for lack of subject matter jurisdiction. The dismissal is without prejudice to the filing, within 30 days, of a second amended complaint that remedies the defects of the first.[2] An appropriate order follows.

Dated: October 26, 2017

**KEVIN MCNULTY**
**United States District Judge**

---

[2]    "Where a district court lacks subject-matter jurisdiction, its 'disposition of such a case will ... be *without* prejudice.'" *Siravo v. Crown, Cork & Seal Co.*, 256 F. App'x 577, 580-81 (3d Cir. 2007) (citing *In re Orthopedic "Bone Screw" Prods. Liab. Litig.*, 132 F.3d 152, 155 (3d Cir. 1997)).